Altha Mae REAVES *v.* CITY OF LITTLE ROCK

CA CR 87-221                                        751 S.W.2d 18

Court of Appeals of Arkansas
Division I
Opinion delivered June 8, 1988
[Rehearing denied August 10, 1988.]

*Larry D. Vaught*, for appellant.

*Mark Stodola*, City Attorney, by: *Thomas M. Carpenter*, for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case appealed her municipal court conviction of second-offense DWI to the Circuit Court of Pulaski County. After a *de novo* bench trial she was again convicted of that offense. From that conviction, comes this appeal.

For reversal, the appellant contends that the trial court subjected her to double jeopardy by entering a judgment of conviction after finding her not guilty. We agree, and we reverse and dismiss.

The record shows that, at trial on March 20, 1987, the appellant moved to suppress the results of an intoxilyzer breath examination on the ground that she had not been continuously observed for twenty minutes before taking the test. The trial judge took the motion under advisement, the trial continued, and the City concluded its case. After the City rested, the appellant moved for acquittal on several grounds, including the intoxilyzer issue which was the subject of the earlier motion to suppress. The trial judge requested briefs on that issue and ordered a continuance, stating that he would inform the attorneys of his decision by letter, and would notify them if the appellant's presence would be required for further proceedings.

In a letter to counsel dated April 1, 1987, the trial judge granted the motion to suppress. The letter concluded with the following statements:

> I hold the blood test to be inadmissible. In the absence of other evidence justifying finding the defendant guilty, Ms. Reaves is found not guilty.

An entry in the circuit court docket book reflected that the appellant was acquitted on April 1, 1987.

Before a judgment had been signed by the trial judge, the City discovered authority supporting its contention that the intoxilyzer results were in fact admissible, and filed a motion to reconsider the ruling on May 11, 1987, the motion was granted, the appellant rested without presenting additional evidence, and she was found guilty and sentenced.

The appellant contends that the trial court's letter finding her not guilty was an acquittal, and that the subsequent reopening of the case and conviction constituted double jeopardy. The appellee, however, contends that the conclusion expressed in the trial court's letter should not be treated as an acquittal, but rather as a holding based on an evidentiary ruling which the City could have appealed under Ark. R. Crim. P. Rule 36.10(b). Thus, argues the appellee, there was no violation of the prohibition against double jeopardy because "the termination of the proceedings occurred as a result of the defendant's actions on a collateral point not related to the factual determination of guilt or innocence." It is clear that the parties agree that the crucial issue in this case is whether the finding in the trial court's letter was an acquittal for double jeopardy purposes.

In *United States* v. *Martin Linen Supply Co.*, 430 U.S. 564 (1977), the United States Supreme Court said:

> Perhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that "[a] verdict of acquittal . . . could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution." *United States* v. *Ball*, 163 U.S. 662, 671 (1896) . . . [W]e have emphasized that what constitutes an "acquittal" is not to be controlled by the form of the judge's action. *United States* v. *Sisson, supra*, at 270; cf. *United States* v. *Wilson*, 420 U.S., at 336. Rather, we must determine whether the ruling of the judge, whatever its label, *actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.*

430 U.S. at 571 (emphasis supplied). Our determination of what constitutes an acquittal, for double jeopardy purposes, must be guided by the decisions of the United States Supreme Court. For example, in *Smalis* v. *Pennsylvania*, 476 U.S. 140 (1986), the Court held that the Pennsylvania trial court's grant of a defendant's demurrer at the close of the prosecution's case was an acquittal under the double jeopardy clause of the United States Constitution. The Court rejected the Pennsylvania Supreme Court's holding that a defendant who demurs at this point in the trial "elects to seek dismissal on grounds unrelated to his factual

guilt or innocence," and said that "what the demurring defendant seeks is a ruling that as a matter of law the State's evidence is insufficient to establish his factual guilt." 476 U.S. at 144. The appellant in *Green* v. *United States*, 355 U.S. 184 (1957), was tried for murder in a United States District Court for the District of Columbia. The jury was instructed that it could find him guilty of either first or second degree murder, and its verdict was silent on the charge of first degree murder. This verdict was accepted by the trial judge, the jury was dismissed, and the defendant was sentenced to imprisonment. The defendant's conviction was reversed on appeal and the case was remanded for a new trial. On retrial, the defendant was found guilty of first degree murder. The United States Supreme Court held that his second trial for first degree murder placed him twice in jeopardy for the same offense in violation of the fifth amendment. The Court said:

> In brief, we believe this case can be treated no differently, for purposes of former jeopardy, than if the jury had returned a verdict which expressly read: "We find the defendant not guilty of murder in the first degree but guilty of murder in the second degree."

355 U.S. at 191.

In the case at bar, we think that the decisions of the United States Supreme Court require us to hold that the trial court's letter finding the appellant not guilty was based upon a factual determination of the insufficiency of the evidence, and therefore constituted an acquittal for double jeopardy purposes. We need not address the correctness of the trial court's initial ruling on the admissibility of the intoxilyzer results, because an acquittal bars further jeopardy even where the acquittal is based on an erroneous legal foundation. *Sanabria* v. *United States*, 437 U.S. 54 (1978).

Reversed and dismissed.

JENNINGS and MAYFIELD, JJ., agree.