Jeffery HILL *v.* STATE of Arkansas

CR 94-503 887 S.W.2d 275

Supreme Court of Arkansas
Opinion delivered October 31, 1994

*Daniel D. Becker* and *Terri L. Harris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appellant Jeffery Hill brings this appeal, claiming that the trial court committed error under the bifurcated sentencing procedures established by Acts 535 and 551 of 1993, as codified in Ark. Code Ann. §§ 16-97-101—16-97-104 (Supp. 1993).

Hill pleaded guilty to robbery and was sentenced to fifteen years' imprisonment by a jury impaneled for purposes of sentencing. He raises three points for reversal: (1) the trial court erred in allowing the State to elicit testimony that he had made a prior attempt to commit a robbery against the same victim; (2) the trial court erred in instructing the jury with regard to his parole eligibility; and (3) the trial court erred in refusing to instruct the jury with his proffered instruction regarding sentencing policy. Finding no merit in his arguments, we affirm.

*Facts*

On April 5, 1993, Ruth Ardman reported that while attempting to enter her vehicle, a male knocked her down and grabbed her purse and totebag, which contained approximately $6500 in cash and checks. After witnesses provided a description of his vehicle which had been seen several times in the area in the weeks preceding the incident, and following Ms. Ardman's identification of him in a photographic lineup, the appellant, Jeffery Hill, was arrested and charged with robbery, to which he entered a plea of guilty.

Prior to the impaneling of the jury for purpose of sentencing, Hill objected to the State's anticipated use of evidence that he had previously attempted to rob the same victim, arguing that, although relevant in determining guilt, the evidence was not relevant in fixing sentence. The trial court overruled his objection, and Ms. Ardman testified at trial that approximately three weeks prior to the robbery, Hill had approached her while in her car at one of her employee's residences and demanded money, but that she was able to drive away. Hill admitted that he had been to Ms. Ardman's residence on three occasions in as many weeks and that "he already knew where he was going."

At the close of all the evidence, the trial court instructed the jury on parole eligibility yet refused to give Hill's proffered instruction regarding sentencing policy. The jury sentenced Hill to fifteen years' imprisonment.

### Appeals from bifurcated proceedings

In general, there is no right to an appeal from a plea of guilty. *Matthews* v. *State*, 305 Ark. 207, 807 S.W.2d 29 (1991); *State* v. *Sherman*, 303 Ark. 284, 796 S.W.2d 339 (1990). Arkansas Code Annotated § 16-91-101(c) provides that there shall be no appeal from a plea of guilty, and our corresponding rule, Ark. R. Crim. P. 36.1, provides identical language. One exception is found in Ark. R. Crim. P. 24.3(b), which states:

> with the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendre [contendere], reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If a defendant prevails on appeal, he shall be allowed to withdraw his plea.

The Arkansas General Assembly in Act 535 of 1993 codified as Arkansas Code Ann. § 16-97-101, made changes in procedures governing jury trials by providing for separate consideration of guilt and sentencing, commonly referred to as "bifurcated proceedings." Under the bifurcation structure, a criminal trial is split into separate and distinct stages, the first of which involves the finding of guilt or innocence. In the event of a finding of guilt, further proceedings are held in which evidence may be presented prior to the setting of sentence. In establishing these bifurcated procedures, Section 2 of Act 535, codified as Ark. Code Ann. § 16-97-101(6), specifically provides that in the event of a plea of guilty, the defendant, with the agreement of the prosecution and the consent of the court, may be sentenced by a jury impaneled for the purpose of sentencing only. Thus, it is obvious that this new procedure differs considerably from the prior conduct of trials where the jury assessed both guilt and sentence during one proceeding.

Section 10 of Act 535 provides that all laws in conflict with the Act are repealed, thus repealing Section 16-91-

101(c) which, as previously stated, provided that there shall be no appeals from a plea of guilty. However, a question remains as to whether this new code provision, which provides for sentencing by a jury after a plea of guilty under certain conditions, is repugnant to Ark. R. Crim. P. 36.1, which provides in part that "[e]xcept as provided by Rule 24.3(b) there shall be no appeal from a plea of guilty or nolo contendre [contendere]." We think not.

■■■ Granted, we hold steadfast to our previous holdings that, where there is a conflict between our procedural rules and a statute, statutes are given deference only to the extent to which they are compatible with our rules, and that conflicts which compromise those rules are resolved with our rules remaining supreme. *State* v. *Sypult*, 304 Ark. 5, 800 S.W.2d 402 (1990); *Hickson* v. *State*, 316 Ark. 783, 875 S.W.2d 492 (1994). However, the acceptance of this appeal from a plea of guilty does not compromise our rule, for it does not constitute a review of the plea itself. Rather, it provides for a review of nonjurisdictional issues, such as the admission of testimony and evidence authorized by this new statute, which arose during the penalty phase of the trial subsequent to the entry of Hill's guilty plea. Because of this marked distinction, we allow this statute to stand as compatible with our rule, recognizing that the legislature has provided not only for separate and distinct procedures governing jury trials and sentencing by jury but for evidentiary matters as well.

■ More specifically, this departure from our previous holdings is premised in part on the fact that sentencing is now, in essence, a trial in and of itself, in which new evidence may be submitted. Under Ark. Code Ann. § 16-97-103, such evidence may include, but is not limited to, laws on parole, prior convictions, prior determinations of juvenile delinquency, victim impact statements or testimony, character evidence, evidence of aggravating and mitigating circumstances, evidence relevant to guilt, evidence admissible for sentencing only, and rebuttal evidence.

■ The introduction of evidence during this stage must be governed by our rules of admissibility and exclusion; otherwise, these proceedings would not pass constitutional muster, which is all the more reason to permit appeal. However, our review on appeal shall be confined to nonjurisdictional issues which arise during the penalty phase of the trial. This position

by no means indicates a willingness on our part to review the imposition of sentence simply where the defendant maintains his sentence is excessive, when in fact his sentence is within the range proscribed by statute for the offense in question.

Recently, a Texas appellate court made a similar holding while ruling on the issue of whether a defendant's plea of guilty without an agreed recommendation as to punishment is a waiver of appellate court review. *Jack* v. *State*, 871 S.W.2d 741 (Tex. Cr. App. 1994). In holding that appellate review of nonjurisdictional issues arising subsequent to the entry of the guilty plea is not waived, the *Jack* court reasoned that an accused cannot waive a defect in proceedings that have not yet occurred. *Jack, supra; quoting King* v. *State*, 687 S.W.2d 762, 767 (Tex. Cr. App. 1985). This approach makes sense, and since Hill's assignments of error involve nonjurisdictional matters that occurred subsequent to his guilty plea, we will likewise accept jurisdiction of his appeal.

### I. Testimony of prior attempt

 Ark. Code Ann. § 16-97-103(6) provides that evidence relevant to sentencing by either the court or the jury may include "[e]vidence of aggravating and mitigating circumstances." The term "aggravation" has been well-defined in *Black's Law Dictionary* 712 (6th ed. 1990):

> any circumstance attending the commission of a crime . . . which increases its guilt or enormity or adds to its injurious consequences, but which is above and beyond the essential constituents of the crime . . . itself.

The State maintains in its brief that the testimony regarding the prior attempt demonstrated that Hill knew Ms. Ardman, that he knew at times she carried significant amounts of cash, that he had previously seen her car, and that he had planned and intended to rob her at an opportune time. Clearly, this evidence meets the definition of aggravation.

Taking a common sense approach, we agree with the State's assertion that, in the absence of such evidence, the jury would be at a significant disadvantage in fulfilling its function if it were deprived of vital information concerning the circumstances of

the crime and thus could not possibly determine an appropriate sentence. This rationale closely resembles the United States Supreme Court's discussion in *Payne* v. *Tennessee*, 501 U.S. 808 (1991); *quoting Gregg* v. *Georgia*, 428 U.S. 153 (1976), which included the following observations:

> So long as the evidence introduced and the arguments made at the presentence hearing do not prejudice a defendant, it is preferable not to impose restrictions. We think it desirable for the jury to have as much information as possible when it makes the sentencing decision.

501 U.S. at 821.

We, too, have suggested that the State should not be precluded from introducing relevant evidence at a sentencing proceeding in the absence of prejudice. In *Pickens* v. *State*, 292 Ark. 362, 730 S.W.2d 230 (1987), we stated that:

> We are unaware of any reason why the State should be precluded from introducing additional relevant evidence on remand at a resentencing trial, especially when appellant's guilt already has been established and when appellant has in no manner shown or demonstrated prejudice from the admission of such evidence.

During sentencing, Hill testified that he had been to Ms. Ardman's house approximately three times in as many weeks and that "he already knew where he was going." Thus, it is difficult to agree that he was prejudiced by Ms. Ardman's testimony.

The trial court has wide discretion in admitting evidence of other crimes or wrongs, and its decision will not be reversed absent an abuse of discretion. *See Haynes* v. *State*, 309 Ark. 583, 832 S.W.2d 479 (1992); *Price* v. *State*, 268 Ark. 535, 597 S.W.2d 598 (1980). In sum, we find no such abuse and conclude that the testimony regarding the prior robbery attempt was properly admitted as an aggravating circumstance under Ark. Code Ann. § 16-97-103(6).

*II. Instruction regarding parole eligibility*

Omitting the section pertaining to deadly weapons, the trial court, using the Arkansas Model Jury Instructions: Criminal (2d

ed.), instructed the jury on parole eligibility as follows:

> In your deliberations on the sentence to be imposed, you may consider the possibility that Jeffery Hill will be paroled. Eligibility for parole is as follows:

> If you sentence Jeffery Hill to imprisonment for a term of years, he will be eligible for parole after he serves one-third of the term you impose. This term of imprisonment may be reduced further to one-sixth of the period you impose if the defendant earns the maximum amount of meritorious good time during his imprisonment.

> Meritorious good time is time credit awarded for good behavior or for certain achievements while an inmate is confined to the Department of Correction or in a jail while awaiting transfer to one of those facilities. It is awarded an inmate on a monthly basis so that he receives up to one day for every day served, not to exceed thirty days per month.

The first two paragraphs tracked the preamble and Section I AMCI 2d 9403. The third paragraph largely followed the mandatory definition of meritorious good time in Section VIII of AMCI 2d 9403.

▆▆ Ark. Code Ann. § 16-97-103(1) specifically states that evidence relevant to sentencing may include "[t]he law applicable to parole, meritorious good time, or transfer." The "Notes on Use" to AMI Crim. 2d 9403 state that "[i]f the defendant has been convicted of an offense for which he can receive life imprisonment or a term of years, give both parts I and II of this instruction." This is exactly what the trial court did in this case. The "Notes" further state that "[t]he definition of meritorious good time should be given in every case." Again, the trial court gave this definition.

This model instruction on parole eligibility was drafted in line with Ark. Code Ann. § 16-93-607 (1987) and is intended to be employed by the trial court in order to provide clarity and truth in sentencing; accordingly, we find no error in the trial court's use of this model instruction.

### III. Refusal to give non-model instruction on sentencing policy

▆ Hill initially proffered an instruction setting out Ark.

Code Ann. § 16-90-801 (Supp. 1993) verbatim and in its entirety. After the trial court refused to accept his proposed instruction, Hill submitted an abbreviated version to the court which was also rejected. It reads as follows:

> Sentencing policy.
> Commitment to the Arkansas Department of Correction is the most severe sanction and due to the finite capacity of the department's facilities, it should be reserved for those convicted of the most serious offenses, those who have longer criminal histories, and those who have repeatedly failed to comply with conditions imposed under less restrictive sanctions.

Hill claims that the trial court erred in refusing this abbreviated instruction. The proffered instruction at issue is not a full statement of law and is subject to misinterpretation. Moreover, we have stated that non-model instructions are to be given only when the trial court finds that the model instructions do not accurately state the law or do not contain a necessary instruction on the subject. *Ross* v. *State*, 300 Ark. 369, 779 S.W.2d 161 (1989); *Campbell* v. *State*, 294 Ark. 639, 746 S.W.2d 37 (1988). Here, the trial court also gave the following closing instruction, using AMI Crim. 2d 9111:

> Jeffery Hill may also contend that he should receive probation or a suspended sentence. You may recommend that he receive this alternative sentence, but you are advised that your recommendation will not be binding on the Court.
>
> If you recommend an alternative sentence, you shall so indicate on the form reading as follows:
>
> We the Jury recommend the alternative sentence of probation; or,
>
> We the Jury recommend the alternative sentence of a suspended sentence.
>
> Even if you do recommend this alternative sentence; however, you must still complete the other verdict form.

This instruction adequately apprises the jury of alternative sentencing. Simply put, because the model instructions cover the

subject of alternative sentencing, the trial court did not err in refusing Hill's proffered non-model instruction on sentencing policy.

It is significant that, in reviewing the State's abstract of the defense's closing argument to the jury, Hill extensively discusses alternative sentencing and the restrictions which would accompany probation or a suspended sentence. Clearly, the jury was fully apprised of the options to imprisonment prior to setting Hill's sentence.

 We also agree with the State's observations that because Hill made no showing that prejudice occurred as a result of the trial court's refusal to give his proffered instruction, his argument cannot stand. We have repeatedly held that we will not reverse for trial error in the absence of prejudice. *Hooper* v. *State*, 311 Ark. 154, 842 S.W.2d 850 (1992). In sum, we find no such prejudice.

Affirmed.

GLAZE, J., concurs.