Rex E. BRADFORD *v.* STATE of Arkansas

CR 02-570                                94 S.W.3d 904

Supreme Court of Arkansas
Opinion delivered January 9, 2003
[Petition for rehearing denied February 13, 2003*]

---

\* GLAZE, CORBIN, and IMBER, JJ., would grant.

*Etoch & Halbert Law Firm*, by: *Louis A. Etoch*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

R OBERT L. BROWN, Justice. This appeal is brought by the appellant, Rex Bradford, from a judgment and commitment order sentencing him to three five-year sentences to

be served consecutively. Bradford asserts that the trial court erroneously sentenced him, *sua sponte*, to consecutive sentences in violation of a plea agreement and an earlier pronouncement of sentence in open court. Because Bradford was not advised by the trial court of his right to affirm or withdraw his guilty plea in open court, which violated Ark. R. Crim. P. 25.3(b), we reverse and remand.

On February 25, 2002, Bradford entered a plea of guilty to three separate felonies pursuant to a plea agreement negotiated with the prosecuting attorney. The felonies included two counts of possession of methamphetamine and one count of possessing and manufacturing marijuana. During the hearing before the trial court on that date, Bradford stated that he signed the plea agreement submitted to the court, that he understood he could receive anywhere from three to thirty years in prison for the charged offenses, that he had a right to a trial by jury, that he had a right to confront witnesses, and that he had the right to appeal the trial court's decision, if he proceeded to trial. He further stated his intention to waive these constitutional rights and to plead guilty. The court then accepted the plea agreement and made it part of the record. Bradford next stated that he had discussed the minimum and maximum penalties with his attorney and that he was entering his guilty plea freely and voluntarily. He also stated that he understood that the State's recommendation was not binding on the court and that the actual disposition by the trial court could differ from his plea agreement with the prosecutor.

The trial court found that in all three cases, Bradford had freely and voluntarily waived his right to a jury trial and entered a plea of guilty. He further found that there was a factual basis for his plea. The court adjudged Bradford guilty on all counts and questioned the parties as to sentencing:

> THE COURT: . . . What is the State's recommendation?
>
> THE STATE: Your Honor, that on each of the charges, the defendant is sentenced to five years in the Arkansas Department of Correction. Those sentences are to run concurrently with one another.

THE COURT: Is that your recommendation, Mr. Etoch, of what the recommendation would be?

DEFENSE COUNSEL: Yes, sir.

. . . .

THE COURT: What is the recommendation regarding the sentences being concurrent or consecutive?

THE STATE: Concurrent.

The trial court then pronounced judgment, which was five years on each count, to be served concurrently.

Eight days later, on March 5, 2002, the trial court issued an order *sua sponte* directing Bradford to appear in open court for resentencing. On March 7, 2002, the trial court held the resentencing hearing. A conversation in chambers regarding this matter apparently occurred with counsel and the trial court before the hearing commenced, but it was not transcribed. At the hearing, Bradford requested due process, including notice and an opportunity to respond. The prosecutor answered that the trial court could not resentence a defendant after execution of the judgment, which is defined as a formal entry of judgment and commitment or actual physical placement of the defendant in the Department of Correction. The prosecutor took the position that neither event had occurred in this case. The trial court agreed.

Various witnesses were then called. The court heard from Freddie Houston, who had compiled a pre-sentence report on Bradford and found Bradford's presumptive sentence to be thirty months. Bradford attempted to call the prosecuting attorney who had negotiated the plea agreement, but he was out of town. The trial court ruled that Bradford could have subpoenaed the prosecuting attorney and denied Bradford's motion for a continuance on that basis. Melanie Bradford next took the stand on behalf of her husband. She testified that he was a good husband, father, and worker, and that it would. be a hardship on the family for him to go to prison. The State, on rebuttal, called Dale Arnold, a Criminal Narcotics Investigator for the Arkansas State Police, who testified to the events stemming from a search warrant executed on

Bradford's home on October 25, 2001, which led to the drug arrests.

In its ensuing ruling and sentence, the trial court noted that the execution of sentence had not commenced, that Bradford had remained at liberty, and that its judgment and commitment order had not been entered. The court concluded that it could revisit the previous sentence pronounced in open court. The court sentenced Bradford to five years on each of the three charges, to be served consecutively. On request by Bradford, the court cited its reason for departure from the recommended thirty months as "based on the record produced today in this hearing in its entirety." The trial court granted Bradford's request for an appeal bond, and Bradford now brings this appeal.

Bradford argues, as his primary point, that he is entitled to rely upon the sentence he received in open court on February 25, 2002. He cites Ark. Code Ann. § 16-65-121 (Supp. 2001), in support of his argument, which reads: "All judgments, orders, and decrees rendered in open court by any court of record in the State of Arkansas are effective as to all parties of record from the date rendered and not from the date of entry of record." He further contends that it "violates common principles of fundamental fairness and due process" to permit the trial court to come back ten days later and change its mind. Because the sentence pronounced on February 25, 2002, was in effect, Bradford maintains that the trial court lacked authority to change the sentences from running concurrently to consecutively. Bradford admits that he openly acknowledged that his disposition of sentence could differ from that negotiated with the prosecutor, but he claims that he was never told that after being sentenced in open court, "the judge could change his mind at a later time and re-sentence him to a greater amount of time."

In the alternative, Bradford urges that he should have been given the chance to withdraw his plea if the trial court was not going to sentence him in accordance with the negotiated plea.

The State contends that Bradford is barred from appealing this matter because he pled guilty, and this court has no authority to hear this appeal. The State claims that this appeal does not fall

within any of the acknowledged exceptions to the general rule precluding appeals from guilty pleas. Moreover, the State asserts that the trial court did have authority to change Bradford's sentence before the entry of the judgment and commitment order. The State further emphasizes that the trial court gave notice of its intent to resentence him and held a hearing on the matter. Had Bradford wanted to withdraw his guilty plea, according to the State, he could have motioned the court accordingly, but he failed to do that.

■ The State is correct that Arkansas Rule of Appellate Procedure—Criminal 1(a) reads that "[e]xcept as provided in by ARCrP 24.3(b) there shall be no appeal from a plea of guilty[.]"[1] Ark. R. App. P.—Crim. 1(a). This court has endorsed that principle on several occasions. *See, e.g., Reeves v. State*, 339 Ark. 304, 5 S.W.3d 41 (1999). However, this court has also approved two additional exceptions to this rule, as outlined in our decision in *Reeves v. State, supra.* Those exceptions are: (1) an appeal relating to an issue involving testimony or evidence which occurred during a sentencing trial before a jury following a guilty plea; and (2) an appeal from a postjudgment motion to amend an incorrect or illegal sentence following a guilty plea. *See id.*

This court addressed a situation similar to the matter at hand in *State v. Sherman*, 303 Ark. 284, 796 S.W.2d 339 (1990). In *Sherman*, the defendant entered a guilty plea, which was accepted by the trial judge, and he was informed that his offense carried a possible sentence of three to ten years in prison. After accepting his plea, the trial court delayed imposition of sentence. Upon receiving the pre-sentence investigation report, the trial court decided, *sua sponte*, to sentence Sherman to thirty years as a habitual offender, even though the appellant was not charged as a habitual offender and was not informed at the plea hearing that prior convictions would be used to enhance his sentence. On appeal, the court of appeals modified the sentence to ten years. On review, this court dismissed the appeal altogether for lack of jurisdiction and said:

---

[1] Arkansas Rule of Criminal Procedure 24.3(b) permits a "conditional plea of guilty" from which a defendant may appeal.

The appellant challenges the validity of the sentence he received as a direct result of his guilty plea. Therefore, the appeal is from a sentencing procedure which was an integral part of the acceptance of the appellant's guilty plea. The appeal must be dismissed.

The appellant is not left without a remedy. A motion to correct an illegal sentence may be filed subsequent to the dismissal of this appeal. Ark. Code Ann. § 16-90-111(b) (Supp. 1989). In the alternative, the appellant may seek relief under A. R. Cr. P. Rule 37. *See Brown v. State*, 290 Ark. 289, 718 S.W.2d 937 (1986) (motion to withdraw guilty plea filed after sentencing may be treated as a Rule 37 petition). Even though Rule 37 was abolished in *Whitmore v. State*, 299 Ark. 55, 771 S.W.2d 266 (1989), the appellant was sentenced while the rule was still in effect.

*State v. Sherman*, 303 Ark. at 286-87, 796 S.W.2d at 340.

Subsequent to *State v. Sherman, supra*, this court decided *Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994). In *Hill*, the defendant pled guilty to robbery, and a jury was empaneled to decide his sentence. He was sentenced to fifteen years. Hill appealed and asserted error in the sentencing hearing by the admission of evidence that he had previously attempted to rob the victim. The State objected to an appeal from a guilty plea. The issue before this court was whether the 1993 bifurcation statute, Ark. Code Ann. § 16-97-101 (Supp. 2001), conflicted with our rule disallowing appeals from guilty pleas. We held that the statute did not conflict for the reason that sentencing was now a separate proceeding held subsequent to the guilty plea. Thus, errors that occurred in the sentencing proceeding itself could be appealed.

The *Hill* reasoning is applicable to the instant case. The sentencing hearing took place separate and apart from the guilty plea. As a result, we will not dismiss this appeal as one from a guilty plea but will proceed to decide the case on the merits.

As an initial matter, the State is correct that a judgment and commitment order is not effective until it is entered of record. It is true that § 16-65-121 reads that a judgment rendered in open court is effective from the date it is rendered, but it is also true that the statute has been superseded in civil matters by Ark. R. Civ. P. 58, which provides that a judgment is effective upon entry of

record. *See Price v. Price*, 341 Ark. 311, 16 S.W.3d 248 (2000). In *Price*, we said that "[t]o protect what we hold inviolate we now declare that we will defer to the General Assembly, when conflicts arise, only to the extent that the conflicting court rule's primary purpose and effectiveness are not compromised; otherwise, our rules remain supreme." 341 Ark. at 315, 16 S.W.3d at 251. This principle that a judgment is effective upon entry of record, which occurs when it is filed, is also emphasized in Administrative Order No. 2 of this court.

The same supersession principle holds true for criminal judgments. In *Johninson v. State*, 330 Ark. 381, 953 S.W.2d 883 (1997), this court cited to Ark. R. Civ. P. 58 in holding that this court's prior decision in *Standridge v. State*, 290 Ark. 150, 717 S.W.2d 795 (1986), "that a judgment of conviction and a sentence are 'entered' and 'placed into execution' upon pronouncement in open court[,]" was inconsistent. 330 Ark. at 388, 953 S.W.2d at 886 (emphasis added). We observed that the statement conflicted with our Administrative Order No. 2, which describes entry of judgment as filing of record, and our rule for civil cases which clearly provides for the effectiveness of judgments *upon their entry of or filing.*[2] Furthermore, we note on this point that were we to use the legislature's effective date of judgment under § 16-65-121, several of our criminal rules would be called into question. *See, e.g.*, Ark. R. App. P.—Crim. 2(a)(1) (setting the time in which an appeal must be taken within thirty days from "the date of entry of a judgment"); Ark. R. App. P.—Crim. 10(a) (directing the circuit court, upon imposing a sentence of death, to order the circuit clerk to file a notice of appeal on behalf of the defendant within thirty days "after entry of judgment").

■ We hold that with respect to judgment and commitment orders, they are effective upon entry of record in accordance with our Administrative Order No. 2. Section 16-65-121 directly conflicts with our rules, our Administrative Order, and our caselaw, and it is superseded. Thus, the trial court was well within its authority to modify the sentence pronounced in open court

---

[2] The *Johninson* opinion refers to Administrative Order No. 3, where Administrative Order No. 2 was clearly intended.

prior to entry of judgment as long as it complied with other pertinent criminal rules.

Bradford next asserts that he should have been allowed to withdraw his negotiated plea and that he was not advised that he could do so, in violation of Ark. R. Crim. P. 25.3(b). Rule 25.3(b) reads:

> (b) If a plea agreement has been reached which contemplates entry of a plea of guilty or nolo contendere in the expectation that the charge or charges will be reduced, that other charges will be dismissed, or that sentence concessions will be granted, upon request of the parties the trial judge may permit the disclosure to him of the agreement and the reasons therefor in advance of the time for tender of the plea. He may then indicate whether he will concur in the proposed disposition. *If, after the judge has indicated his concurrence with a plea agreement and the defendant has entered a plea of guilty or nolo contendere, but before sentencing, the judge decides that the disposition should not include the charge or sentence concessions contemplated by the agreement, he shall so advise the parties and then in open court call upon the defendant to either affirm or withdraw his plea.*

Ark. R. Crim. P. 25.3(b) (emphasis added). *See also* Ark. R. Crim. P. 26.1(b)(v) (reiterating a defendant's right to withdraw a guilty plea if the trial court does not sentence him in accordance with the plea agreement).

At the first sentencing hearing on February 25, 2002, the trial court concurred with the plea agreement and pronounced sentence in accordance with the terms of that agreement. It is also clear that by virtue of the trial court's *sua sponte* order directing Bradford's appearance at the resentencing hearing, the court intended to change the sentence originally pronounced. Having said that, it is also clear that the trial court did not advise Bradford of his right to either affirm or withdraw his plea, or call upon him in open court to do so at the March 7, 2002 hearing. In fact, the only question posed directly to Bradford during the March 7, 2002 hearing was the following:

THE COURT: Does the defendant have any questions before the Court pronounces sentence in the case?

MR. BRADFORD:    No, sir.

■    Compliance with Rule 25.3(b) is mandatory. We reverse and remand for the trial court to follow the mandates of that rule.

■    Because we reverse and remand on the foregoing point, it is unnecessary for us to address Bradford's points relating to due process and the timeliness of entry of the judgment and commitment order. With respect to double jeopardy, however, we must address the argument because a violation of the double-jeopardy clause of the United States Constitution results in a dismissal of the State's case. *See, e.g., State v. Hulum*, 349 Ark. 400, 78 S.W.3d 111 (2002). We conclude that double jeopardy does not attach to these facts. The State correctly cites this court to the United States Supreme Court's analysis in *United States v. DiFrancesco*, 449 U.S. 117 (1980), which applies. In *DiFrancesco*, the Court held:

> B. The double jeopardy focus, thus, is not on the appeal but on the relief that is requested, and our task is to determine whether a criminal sentence, once pronounced, is to be accorded constitutional finality and conclusiveness similar to that which attaches to a jury's verdict of acquittal. We conclude that neither the history of sentencing practices, nor the pertinent rulings of this Court, nor even considerations of double jeopardy policy support such an equation.

449 U.S. at 132. Because sentencing is not afforded the constitutional finality of an acquittal, Bradford is not entitled to double-jeopardy protection against the trial court's judgment and commitment order following resentencing.

■    Bradford also cites this court to the former-prosecution statute and specifically to section (2), which reads:

> A former prosecution is an affirmative defense to a subsequent prosecution for the same offense under any of the following circumstances:
>
>     . . . .
>
> (2) The former prosecution resulted in a conviction. There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty

> which has not been set aside and which is capable of supporting a judgment, or a plea of guilty or nolo contendere accepted by the court.

Ark. Code Ann. § 5-1-112(2) (Repl. 1997). Section 5-1-112(2) appears to provide that a guilty plea is effective once it is accepted by the trial court and at that time equates to a judgment of conviction. We have held in this opinion that entry of the judgment and commitment order is what determines the effectiveness of a guilty plea and that a guilty plea may be withdrawn in accordance with our criminal rules under certain circumstances. The accepted guilty plea of February 25, 2002, with the resulting sentence on that date was never memorialized as a judgment and commitment order and entered of record. Hence, it was never an effective judgment of conviction. To the extent § 5-1-112(2) conflicts with our Administrative Order No. 2, we hold that it is superseded by that Order and our caselaw. *See Johninson v. State, supra.*

Bradford relies on a court of appeals' case, *Reaves v. City of Little Rock,* 25 Ark. App. 14, 751 S.W.2d 18 (1988), in his double-jeopardy argument. In *Reaves,* the court of appeals held that a letter opinion finding the defendant not guilty equated to an acquittal for double-jeopardy purposes. No judgment of acquittal had been entered of record, but the acquittal had been noted on the court's docket. The *Reaves* decision predated this court's opinion in *Price v. Price, supra,* and *Johninson v. State, supra,* and for that reason is not controlling.

■ There is one final point. Apparently, a conversation among counsel and the trial court took place in chambers immediately before the resentencing hearing on March 7, 2002. This conversation was not transcribed, though it appears to have been relevant to the issues on appeal. We emphasize once more that our Administrative Order No. 4 requires that a verbatim record of all proceedings pertaining to any contested matter be made.

Reversed and remanded.

GLAZE, CORBIN, and IMBER, JJ., dissent.

TOM GLAZE, Justice, dissenting. I respectfully dissent. As stated in the majority, there are three exceptions to the general rule that no appeal shall be allowed from a plea of guilty. Those exceptions are: (1) an appeal from a conditional plea of guilty under Ark. R. Crim. P. 24.3(b); (2) an appeal involving testimony and evidence that occurred after the guilty plea but during sentencing hearings before a jury; and (3) an appeal from a postjudgment motion to amend an incorrect or illegal sentence. While the majority correctly lays out the three exceptions to the rule, it errs in concluding that the instant case falls under the second exception. The majority opinion cites the case of *Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994), which does not support this conclusion. The *Hill* court made very clear that the acceptance of the appeal did not compromise the general rule because it did not constitute a review of the plea itself. Instead, the appeal involved nonjurisdictional issues, such as the admission of testimony and evidence authorized by the bifurcation statute. The instant case does not raise evidentiary matters; rather, the crux of this appeal is the trial court's imposition of consecutive sentences "in violation of a plea agreement."

The instant case is controlled by *State v. Sherman*, 303 Ark. 284, 796 S.W.2d 339 (1990). There, the defendant, Sherman, challenged the validity of the sentence that he received as a direct result of his guilty plea. The court stated that if the appeal was from a sentencing procedure which was an integral part of the acceptance of the appellant's guilty plea, then the appeal must be dismissed; in such a case, the defendant's remedy is a motion to correct sentence, under Ark. Code Ann. § 16-90-111 (Supp. 2001), or, in the alternative, the defendant may seek relief under Ark. R. Crim. P. 37. *Id.* at 286-287.

Here, because we are not dealing with an appeal from a bifurcated trial, but instead from the sentencing procedure which was an integral part of the acceptance of Bradford's plea of guilty, his appeal should be dismissed under the general rule that no appeals are allowed from a plea of guilty. To rule otherwise will compromise Ark. R. App. P.—Crim. 1 ("Except as provided by

ARCrP 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere.") because there shall be a right of appeal from *every* sentence imposed at a separate sentencing proceeding following a defendant's entry of a plea of guilty.

CORBIN and IMBER, JJ., join this dissent.