WAYMOND M. BROWN, Judge, dissenting. I respectfully disagree with the majority decision.[1] In reversing the circuit court, we are permitting a result that was clearly not intended by either of the parties when they entered into their agreement suspending Davis. This controversy centers around the definition of “acquitted” as that term is employed in the parties’ agreement. That provision reads as follows: In the event that you are acquitted of these charges you will receive back pay at your regular salary plus you will accrue vacation pay during the period. If you are convicted you will be discharged without any back pay or reinstatement of other benefits. | i?The majority has taken the position that the term “acquitted” is not ambiguous and, therefore, the circuit court was not entitled to consider parol testimony to show the intent of the parties. On this point, I disagree. Admittedly, the term “acquitted” normally means being found not guilty.[2] However, there are at least three possible results that could occur to a defendant facing criminal charges. He could go to trial and be convicted, he could be acquitted, or the charges could be dismissed before trial. In the present case, the agreement is silent as to what happens in the event that a third result — a dismissal of the indictment — occurs. As it turned out, that third result is the outcome that occurred. This third possibility also concerns, contrary to the majority’s assertion, when and if Davis was entitled to back pay. Parol evidence may be admitted to prove an independent, collateral fact about which the written contract was silent.[3] Moreover, the County admits that the agreement is silent as to whether Davis would be reinstated in the event that the indictment was dismissed. Because the parties’ agreement is silent as to such an important term, I see no good reason why the circuit court could not consider the parties’ subsequent actions as the best evidence of their intention concerning the meaning of the agreement.[4] Accordingly, I would affirm the circuit court. I am authorized to state that Judge GRUBER joins this opinion. . I agree with the majority that the July 2002 agreement stands alone and is the only one we need be concerned with. . Reaves v. City of Little Rock, 25 Ark.App. 14, 751 S.W.2d 18 (1988). .Ultracuts Ltd. v. Wal-Mart Stores, Inc., 343 Ark. 224, 232, 33 S.W.3d 128, 134 (2000). . See Foundation Telecom., Inc. v. Moe Studio, Inc., 341 Ark. 231, 16 S.W.3d 531 (2000).