Brandon J. Harrison, Judge, dissenting. This case asks whether the circuit court should have told Justin Cartwright, pursuant to Rule 25.3 of the Arkansas Rules of Criminal Procedure, that he had a right to affirm or withdraw his guilty plea before the court deviated upward from the negotiated, written plea agreement’s bargained-for sentence concession. The majority has taken a position that not even the State has pressed: Cartwright cannot appeal. I respectfully disagree. Cartwright should be allowed to appeal to this court given the particular issue in play and a supreme court case on point. Cartwright challenges the sentencing orders the court entered after it had accepted his plea of guilty in February 2016 and sentenced him during the March 2016 hearing. During the second hearing the court rejected the plea agreement’s sentence concession after it had accepted the State’s argument, through its lawyer, that Cartwright breached the terms. Cartwright’s lawyer countered that he had not breached the agreement. (No actual evidence of a breach was ever presented.) Having accepted the State’s argument, the circuit court kept intact Cartwright’s prior plea of guilty to numerous charges but did not sentence him pursuant to the negotiated, written plea agreement. Cartwright argues here that Bradford v. State, 351 Ark. 394, 94 S.W.3d 904 (2003) requires that we reverse the sentencing orders and dismiss the charges because the circuit court did not comply with Arkansas Rule of Criminal Procedure 25.3’s notice provisions. Here is all of Rule 25.3: ls(a) The judge shall not participate in plea discussions. (b) If a plea agreement has been reached which contemplates entry of a plea of guilty or nolo contendere in the expectation that the charge or charges will be reduced, that other charges will be dismissed, or that sentence concessions will be granted, upon request of the parties the trial judge may permit the disclosure to him of the agreement and the reasons therefor in advance of the time for tender of the plea. He may then indicate whether he will concur in the proposed disposition. If, after the judge has indicated his concurrence with a plea agreement and the defendant has entered a plea of guilty or nolo conten-dere, but before sentencing, the judge decides that the disposition should not include the charge or sentence concessions contemplated by the agreement, he shall so advise the parties and then in open court call upon the defendant to either affirm or withdraw his plea. (c) If the parties have not sought the concurrence of the trial judge in a plea agreement or if the judge has declined to indicate whether he will concur in the agreement, he shall advise the defendant in open court at the time the agreement is stated that: (i) the agreement is not binding on the court; and (ii) if the defendant pleads guilty or nolo contendere the disposition may be different from that contemplated by the agreement. (d) A verbatim record of all proceedings had in open court pursuant to subsections (b) and (c) of this rule shall be made and preserved by the court. The majority characterized this as a Rule 25.3(c) case, which means it determined that either (1) the parties did not seek the court’s concurrence in the plea agreement, or (2) the court “declined to indicate” whether it would “concur in the agreement.” Id. This is a Rule 25.3 subsection (b), not (c), case. Subsection (b) applies because a guilty plea was negotiated and entered with the expectation that a particular sentence concession would be granted. The “guaranteed sentence,” to use the circuit court’s exact phrase spoken during the February plea hearing, was the 20-year sentence the parties had negotiated and disclosed to the court. In my view the parties sought the court’s concession, and the court concurred with |9the agreement within the meaning of Rule 25.3(b) during the February hearing. It was then up to Cartwright to perform. The court stated during the subsequent March sentencing hearing that it had not “accepted” the sentence concession during the February hearing. I take that comment to mean the court was making clear that it had not actually imposed a sentence during the February plea hearing. The court did, however, express a rather clear indication that it would concur with the written plea agreement if Cartwright performed as expected. Whether subsection (b) or (c) applies here, and what the legal consequence of one choice over the other may be, are not issues decided today because the majority has held that Cartwright may not even be heard to complain. The crucial takeaway should be that Cartwright is being denied what our supreme court provided in Bradford-, a direct appeal and merit opinion in the guilty-plea context, when the defendant challenged whether a circuit court had given the required Rule 25.3 notice before sentencing. And the majority of justices did so over a dissent that essentially (and unsuccessfully) argued the position that the majority in this case has taken. The majority opinion little notes Bradford and does not try to distinguish it from this case. But we should do what the Arkansas Supreme Court did in a similar circumstance and open the Justice Building’s doors to Cartwright’s appeal. I express no opinion, however, on the merit of his argument.