Cite as 2024 Ark. App. 262

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-23-368

| | | |
|---|---|---|
| | | Opinion Delivered April 17, 2024 |
| CURTIS CARNLEY | | APPEAL FROM THE MILLER |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 46CR-21-421] |
| V. | | |
| | | HONORABLE BRENT HALTOM, |
| STATE OF ARKANSAS | | JUDGE |
| | APPELLEE | |
| | | DISMISSED |

## MIKE MURPHY, Judge

Appellant Curtis Carnley appeals the order of the Miller County Circuit Court sentencing him to thirty years' imprisonment in the Arkansas Division of Correction. Carnley pleaded guilty to second-degree murder in exchange for the thirty-year sentence, but on appeal he argues that the circuit court erred because it improperly imposed a sentence greater than the maximum presumptive sentence for the crime. The State moved to dismiss Carnley's appeal, arguing that this court lacks jurisdiction to consider Carnley's argument. We grant the State's motion.

Carnley's point on appeal is that the circuit court erred by sentencing him to more than the maximum presumptive sentence of twenty-five years' imprisonment because the court failed to attach to the sentencing order the written reasons for its departure as required by Arkansas Code Annotated section 16-90-804(b)(2)(B) (Supp. 2019). That statute provides

that written reasons are required to be attached to sentencing orders when there are agreed departures from the presumptive sentence range.

After review, we agree with the State that we do not have jurisdiction to hear Carnley's appeal.

Absent three exceptions, Arkansas law does not allow for an appeal from a guilty plea. Ark. R. App. P.–Crim. 1(a); *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003). The first exception is the one provided by Arkansas Rule of Criminal Procedure 24.3(b), which allows a defendant to enter a conditional plea of guilty premised on the appeal of the denial of a suppression motion. The second is when the appeal concerns a posttrial motion challenging the validity and legality of the sentence itself. *Smalley v. State*, 2012 Ark. App. 221, at 2–3. This is not an appeal from a conditional plea or a posttrial motion. This brings us to the third exception, which is when there is some alleged error that occurred as part of the sentencing proceeding, when that proceeding took place separate and apart from the plea itself. *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003).

Carnley contends that this third exception applies to his case, and he cites *Bradford*, *supra*, for the proposition that because the sentencing hearing was separate from the guilty plea, the defendant could appeal the sentencing order. *Id.* at 400, 94 S.W.3d at 908. And while this is a holding from *Bradford*, it is only part of the analysis.

In *Bradford*, Bradford had entered into a guilty plea to three felonies pursuant to a plea agreement negotiated with the prosecuting attorney. That agreement provided that he would serve five years on each count, to be served concurrently. During the plea hearing, the

court accepted the agreement and made it part of the record. Eight days later, however, the court issued a sua sponte order directing Bradford to appear for resentencing. At that new hearing, the circuit court did not inform Bradford of his right to withdraw his plea under the circumstances of his case, which it was required to do. On appeal, one of the points Bradford argued was that he should have been given the chance to withdraw his plea if the circuit court was not going to sentence him in accordance with the negotiated plea. The supreme court allowed the appeal to proceed as an exception to the general rule that appeals may not be taken from guilty pleas because the appeal related directly to the sentencing procedure integral to the guilty plea.

In conducting its analysis, the *Bradford* court relied on *Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994). In *Hill*, the appeal from the guilty plea was allowed because Hill asserted that an error occurred at the sentencing hearing when certain evidence was admitted at the hearing, and the argument on appeal was that evidence was improperly admitted. The supreme court explained that the acceptance of the appeal did not compromise the procedural rule disallowing appeals from guilty pleas because it did not constitute a review of the plea itself but rather provided for a review of issues arising during the separate sentencing.

Likewise, in *Pedraza v. State*, 2014 Ark. 298, at 5, 438 S.W.3d 226, 229, the supreme court proceeded to the merits of Pedraza's argument that a constitutional violation occurred when the circuit court denied his request to conduct additional voir dire of the selected but unsworn jury after Pedraza had pleaded guilty to a lesser charge. The supreme court

3

explained that the "preclusion of further voir dire was not an integral part of the plea agreement," and it therefore fell into one of the exceptions to Arkansas Rule of Appellate Procedure–Crim. 1(a). *Id.*, 438 S.W.3d at 229.

Here, however, Carnley is not alleging that any error occurred as a part of the sentencing hearing or process. Instead, in his reply to the State's jurisdictional argument, Carnley explains that he is arguing only that the sentencing order omits information required for a departure from the maximum presumptive sentence. This does not fit within the exception for nonjurisdictional issues that occur subsequent to guilty pleas. As the *Hill* court explained, "This position by no means indicates a willingness on our part to review the imposition of sentence simply where the defendant maintains his sentence is excessive, when in fact his sentence is within the range prescribed by statute for the offense in question." 318 Ark. at 413–14, 887 S.W.2d at 278.

Carnley explains that his sentence is incorrect because the sentencing order is incorrect, but in *Howerton v. State*, 2012 Ark. App. 331, at 8, 413 S.W.3d 861, 866, our supreme court determined that a challenge to a term-of-years sentence outside the sentencing guidelines is more akin to a request that the sentence be modified. Howerton even brought this argument to the court through a posttrial motion, but the court still considered Howerton's arguments outside of the exceptions to an appeal from a guilty plea. *Id.*, 413 S.W.3d at 866.

Accordingly, we hold that Carnley's appeal does not fall into any of the recognized exceptions to the general rule that no appeal may be taken from a guilty plea. The State's motion to dismiss is granted.

Dismissed.

ABRAMSON and THYER, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.