Cite as 2025 Ark. App. 435

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-25-12

|  |  |
|---|---|
| CHRISTOPHER DUVALL<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered September 24, 2025<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. 58CR-23-438]<br><br>HONORABLE JAMES DUHNAM, JUDGE<br><br>DISMISSED |

**RAYMOND R. ABRAMSON, Judge**

Christopher Duvall pleaded guilty to a charge of second-degree sexual assault, a Class B felony. Upon the circuit court's acceptance of his plea, the State moved to dismiss count two, a charge of sexual indecency with a child, a Class D felony. At the sentencing hearing, Duvall requested 60 months' incarceration with an additional 60 months' suspended imposition of sentence (SIS). The circuit court sentenced to Duvall to 180 months' incarceration in the Arkansas Division of Correction (ADC) with an additional 60 months' SIS and a $2,500 fine. Duvall appeals, alleging that the circuit court abused its discretion in imposing a higher sentence than Duvall requested. The State responded that Duvall's appeal should be dismissed for lack of jurisdiction.

On June 7, 2023, the State charged Duvall with one count of second-degree sexual assault against MC, a Class B felony; and one count of sexual indecency with a child, a Class

D felony. Duvall agreed to plead guilty to the second-degree sexual-assault charge. At his change-of-plea hearing, the circuit court informed Duvall of the maximum sentence he could receive. Duvall and the State did not have a plea agreement other than the dismissal of the charge of sexual indecency with a child. The circuit court told Duvall that it could impose any sentence within the range of punishment provided by statute. Duvall attested that he understood. Duvall also testified that he understood he was giving up his right to an appeal by pleading guilty to the charge.

Following Duvall's plea, Duvall requested 60 months' incarceration in the ADC followed by 60 months' SIS. Duvall further agreed to never reside within twenty-five miles of MC. Duvall did not call any witnesses but did ask for leniency because he had accepted responsibility for his actions. Duvall also requested that the circuit court consider that his father was present in the courtroom and could have testified. The circuit court then sentenced Duvall to 180 months' incarceration in the ADC followed by 60 months' SIS. Duvall did not object to the sentence at the time of the hearing and did not note any reason why the hearing should not be adjourned.

We need not reach the merits of this case because Duvall waived his rights to appeal when he pleaded guilty. In *Wright v. State*, 2016 Ark. 5, our supreme court reiterated that Arkansas Rule of Appellate Procedure–Criminal 1(a) (2016) provides that there is no direct appeal from a plea of guilty. There are three exceptions to this rule, but none apply. The first exception is the one provided by Arkansas Rule of Criminal Procedure 24.3(b), which allows a defendant to enter a conditional plea of guilty premised on the appeal of the denial of a

suppression motion. The second is when the appeal concerns a posttrial motion challenging the validity and legality of the sentence itself. *Smalley v. State*, 2012 Ark. App. 221, at 2–3. This is not an appeal from a conditional plea or a posttrial motion. This brings us to the third exception, which is when there is some alleged error that occurred as part of the sentencing proceeding, when that proceeding took place separate and apart from the plea itself. *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003). Our supreme court has clearly held that this exception does not extend to reviewing "the imposition of sentence simply where the defendant maintains his sentence is excessive, when in fact his sentence is within the range prescribed by statute for the offense in question." *Hill v. State*, 318 Ark. 408, 414, 887 S.W.2d 275, 278 (1994). Duvall concedes that his sentence is legal and within statutory limits.

Accordingly, we hold that Duvall's appeal does not fall into any of the recognized exceptions to the general rule that no appeal may be taken from a guilty plea. The State's request to dismiss for lack of jurisdiction is granted.

Dismissed.

THYER and HIXSON, JJ., agree.

*Trent D. Thomas*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.