Darren Keith HELMS *v.* STATE of Arkansas

CA CR 04-1197                                     211 S.W.3d 53

Court of Appeals of Arkansas
Opinion delivered June 22, 2005

*William R. Simpson, Jr.*, Public Defender, Brandy Turner, Deputy Public Defender, by: Clint Miller, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Senior Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Appellant Darren Helms was convicted by a jury of felony residential burglary and

misdemeanor theft of property with a value of $500 or less. Helms was sentenced as an habitual offender with more than one but less than four prior felony convictions to twenty-five years' imprisonment in the Arkansas Department of Correction for residential burglary and was fined $1000 and sentenced to one year of incarceration in the county jail for theft of property. On appeal, Helms argues that the trial court erred in admitting a State's document into evidence during the penalty phase and allowing the State to also reference facts showing that Helms committed the offenses at issue while he was released on bond in connection with two unrelated charges. We affirm.

At trial, the State introduced the testimony of two witnesses to prove Helms was guilty of residential burglary and theft of property with a value of $500 or less. One of the State's witnesses was the victim, Steven Hoskinson, and the other witness was Pulaski County Sheriff's Office Investigator Lewis Wig. Hoskinson testified that on July 21, 2003, he discovered that someone had broken into his house and had taken some of his personal property, including a portable television, stereo, weed eater, pellet guns, meat from his freezer, stopwatch, and a box of checks. Investigator Wig testified that he arrested Helms on July 23, 2003, and he took a custodial statement from Helms. Investigator Wig first made contact with Helms while Helms was asleep in his automobile. Investigator Wig arrested Helms, and he found two books of Hoskinson's checks inside Helms's automobile. According to Investigator Wig, Helms admitted that he and an accomplice had broken into Hoskinson's house and had stolen some of Hoskinson's personal property.

The jury found Helms guilty of residential burglary and theft of property. In the penalty phase of the trial, the State proved that Helms had three prior misdemeanor convictions and three prior felony convictions. The State also sought to introduce State's Exhibit No. 6, which was a document establishing that, when Helms had committed the criminal offenses at issue, he was free on bond from the North Little Rock Municipal Court after having been arrested on two counts of forgery. Defense counsel objected to the admissibility of State's Exhibit No. 6, arguing that the exhibit was not relevant and that it stated that Helms was on bond for a charge that the jury knew nothing about and of which Helms had not been convicted of. The trial court admitted State's Exhibit No. 6 over the defense counsel's objection. The prosecutor told the jurors that they should "be aware that [Helms] was out on bond at the time the offense was committed. . . ."

During the penalty phase of the trial, Helms's mother, Ellen Helms, testified for the defense. During cross-examination, the prosecutor approached the bench and asked for permission to ask Ellen Helms about the forgery charges for which Helms was out on bond from, because the State contended that the victim of those forgeries was Ellen Helms. The defense counsel objected to this questioning, arguing that it was not relevant. The trial court allowed the line of questioning. Ellen Helms testified that she had paid Helms's bond for the forgery charges and that she did not know the victim of the forgery charges.

During the State's closing argument of the penalty phase, the prosecutor reminded the jurors that at the time Helms committed the offenses he had been free from pretrial incarceration on bond from unrelated criminal charges. In the State's initial closing argument, the prosecutor stated:

> We are asking you to keep in mind that he is someone who had probation, had been given that chance, also had made a bond and committed this new offense, someone that had been in the county jail and gotten released and committed this new offense. I'm asking that you keep that in mind today as you come up with what you deem to be an appropriate sentence.

In the State's final closing argument, the prosecutor stated:

> Also, please don't forget that when he committed this July 21st burglary, he was out on bond for yet a different case. He has been given his chances. There is no doubt about that. I mean, he acts like he wants to go to prison for a long time. He won't learn his lesson, and he keeps committing these crimes.

The jury sentenced Helms, as an habitual offender, to twenty-five years' imprisonment in the Arkansas Department of Correction for residential burglary and to one year of incarceration in the county jail and a $1000 fine for theft of property. The trial court ran Helms's twenty-five year sentence of imprisonment consecutively to an eighteen-year sentence of imprisonment that he was already serving. Helms now appeals from his sentence.

Helms argues that the trial court erred when it admitted State's Exhibit No. 6 and permitted the prosecutor to cross-examine Ellen Helms concerning Helms's unrelated forgery charges. The State contends in response that Helms's accused status

as shown by State's Exhibit No. 6 was admissible under Ark. Code Ann. § 16-97-103(5) and (6) (Supp. 2003), which permits the introduction of character evidence and aggravated circumstances at sentencing.

In Arkansas, criminal prosecutions in which a jury sits as the trier-of-fact are bifurcated into a guilt-innocence phase and a penalty phase. Ark. Code Ann. § 16-97-101 (Supp. 2003). A trial court's decision to admit evidence in the penalty phase of a trial is reviewed for an abuse of discretion. *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002). The admissibility of proof in the penalty phase of a jury trial is governed by the Arkansas Rules of Evidence; however, pursuant to Ark. Code Ann. § 16-97-103 certain evidence is admissible at sentencing that would not have been admissible at the guilt phase of the trial. *Crawford v. State*, 362 Ark. 301, 208 S.W.3d 146 (2005) (citing *Buckley v. State, supra*). Arkansas Code Annotated section 16-97-103 provides in pertinent part:

> Evidence relevant to sentencing by either the court or jury may include, but is not limited to, the following . . .
>
> (5) Relevant character evidence;
>
> (6) Evidence of aggravating and mitigating circumstances. The criteria for departure from the sentencing standards may serve as examples of this type of evidence; . . .

While evidence introduced during the sentencing phase may include evidence described in this section, the list is not exhaustive. *Crawford, supra.*

With respect to the admissibility of relevant character evidence under Ark. Code Ann. § 16-97-103(5), we first note that Rule 404 of the Arkansas Rules of Evidence states that character evidence generally is not admissible for the purpose of proving that a person acted in conformity therewith on a particular occasion and that the rule then lists some exceptions to this rule. While it is true that our evidence rules govern the introduction of evidence in the sentencing phase of trials, our supreme court has also held that, pursuant to Ark. Code Ann. § 16-97-103, certain evidence is admissible at sentencing that would not have been admissible at the guilt phase of the trial. *Crawford, supra.* Character evidence that might not be admissible at the guilt phase could be admissible at sentencing. *Id.*

█ Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ark. R. Evid. 401. In the present case, although Helms had been accused but not yet convicted of forgery, evidence that Helms was out on bond when he committed residential burglary and theft of property provided proof of his character and was relevant to the jury's determination of an appropriate punishment. Helms argues that the jurors' knowledge that he committed the criminal offenses while he had had been free on bond in connection with forgery charges tells the jury nothing about his character if the jurors were never told that a condition of his bond agreement was that he agreed not to commit any additional crimes while free on bond. In considering evidence, jurors may use their common sense. *Bridges v. State*, 46 Ark. App. 198, 878 S.W.2d 781 (1994). The jury need not have learned of the details of Helms's bond requirements to understand that the fact that Helms was out on bond when he committed the new crimes says something about his character.

Affirmed.

GLOVER, J., agrees.

GRIFFEN, J., concurs.

WENDELL GRIFFEN, Judge, concurring. I concur in the result in this case. I believe the trial court erred in admitting the evidence that appellant was free on bond when he committed the crimes in the instant case. Nonetheless, I agree we should affirm appellant's sentence because the error is harmless, in that appellant cannot show that he was prejudiced by the erroneous admission of the evidence.

The fact that appellant was free on bond in an unrelated case when he committed the offenses in this case was not relevant to prove any matter related to his sentencing for the instant charges of residential burglary and misdemeanor theft of property. To begin, it cannot be said that the fact that he was free on bond that was granted for unrelated, unproven conduct was an aggravation relevant to his sentencing. An aggravation is any circumstance attending the commission of a crime that increases its guilt or enormity or adds to its injurious consequences, but that is above and beyond the essential constituents of the crime itself. *Davis v.*

*State*, 60 Ark. App. 179, 962 S.W.2d 815 (1998) (affirming the admission of evidence during the sentencing phase that the defendant, who had been convicted of delivery of a controlled substance, had made prior drug sales, even though he was not prosecuted for that conduct); *see also Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994) (affirming the admission of evidence during the sentencing phase that the defendant, who had pled guilty to robbery, had attempted to rob the same victim on a prior occasion). Unlike the related conduct in *Davis v. State, supra*, and *Hill v. State, supra*, the other conduct in which appellant had allegedly engaged was not related in any way to the convictions for which he was being sentenced. Thus, I do not see how it can be said here that the allegations that appellant had committed forgery constituted an aggravation. Since the forgery allegations were unrelated to the instant charges, they could not increase the guilt or enormity of appellant's convictions for residential burglary and misdemeanor theft of property or add to their injurious consequences.

Nor was that fact indicative of appellant's character or otherwise relevant. The mere fact that someone has been charged with a crime should not blithely be accepted as relevant evidence of his character for sentencing purposes. Even though appellant had been charged with additional crimes, he is presumed to be not guilty of committing those crimes until proven guilty in a court of law. He had not yet been tried for the unrelated forgery charges and thus, still retained the presumption of innocence for those charges at the time he was tried for the instant offenses.

Nonetheless, I agree we should affirm appellant's sentence; he has not demonstrated prejudice from the sentence because his twenty-five-year sentence for the felony was below the maximum sentence allowable and was within the statutory range, and his sentence for the misdemeanor offense was merged with his felony. *See Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002); Ark. Code. Ann. § 5-39-201(a)(1) (Repl. 1997) (defining residential burglary as a Class B felony); § 5-4-501(a)(2)(C) (Supp. 2003) (providing an enhanced sentence of five to thirty years in prison for a Class B felony); Ark. Code Ann. § 5-4-403(c)(2) (Supp. 2003) (requiring that a sentence for a misdemeanor and a felony run concurrently). Therefore, appellant cannot demonstrate that he was prejudiced by the inadmissible evidence.