Cite as 2020 Ark. App. 193

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-19-482

| | |
|---|---|
| | Opinion Delivered: March 18, 2020 |
| SPENCER ADAM BOOTHE | APPEAL FROM THE JEFFERSON |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. 35CR-17-324] |
| V. | |
| STATE OF ARKANSAS | HONORABLE ALEX GUYNN, JUDGE |
| APPELLEE | |
| | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Spencer Adam Boothe appeals a sentencing order entered by the Jefferson County Circuit Court. He argues that the court erred in approving the prosecutor's short report of circumstances that listed "Jury Sentence" as an aggravating factor in his sentence. Because Boothe has failed to demonstrate any prejudice from the circuit court's action, we affirm.

In October 2018, a Jefferson County jury found Boothe guilty of one count of delivery of methamphetamine. The jury recommended a fifteen-year sentence as a habitual offender,[1] which the court accepted.

The court entered a sentencing order reflecting the fifteen-year sentence on November 7, 2018. As required by statute,[2] the office of the prosecuting attorney

---

[1]Boothe's status as a habitual offender subjects him to an extended prison term of three to twenty years. Ark. Code Ann. § 5-4-501(a)(2)(D) (Supp. 2019).

completed and attached to the sentencing order a "prosecutor's short report of circumstances," which did not list any mitigating factors but noted one aggravating factor— "Jury Sentence." The circuit court approved the short report.

For his sole point on appeal, Boothe argues that the circuit court committed reversible error by approving the prosecutor's short report as written. More specifically, Boothe argues that the court should not have penalized him for exercising his right to a jury trial and asserts that he will be further prejudiced by its inclusion because the report could potentially be used to his detriment by the Arkansas Parole Board. We find no error.

Boothe was convicted of delivery of methamphetamine, a Class C felony. Ark. Code Ann. § 5-64-422(b)(1) (Repl. 2016). He was sentenced as a habitual offender. As a habitual offender having committed a Class C felony, Boothe could have been sentenced to an extended term of imprisonment of not less than three years nor more than twenty years. *See* Ark. Code Ann. § 5-4-501(a)(2)(D). He received a fifteen-year sentence. Thus, his actual term of imprisonment is within the statutory range. A defendant who has received a sentence within the statutory range short of the maximum sentence cannot show prejudice from the sentence itself. *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002). Because his sentence was within the statutory range, Booth has failed to demonstrate any prejudice from the imposition of the fifteen-year sentence.

---

[2]Arkansas law requires that the prosecuting attorney prepare a short report listing both mitigating and aggravating factors for the sole use of the Arkansas Department of Correction. Ark. Code Ann. § 12-27-113(c) (Supp. 2019). While the short report is not a circuit court order, it must be approved by the court. *Id.*

Despite this, Boothe argues that by listing "Jury Sentence" as an aggravating factor on the sentencing order he was penalized for exercising his constitutional right to a trial by jury. Taking it one step further, he then concludes that the trial court erred by approving a report that penalizes the exercise of a constitutional right. Boothe fails to cite any proof in the record that the circuit court improperly considered the information contained therein in affixing his sentence. In fact, we see no indication in the record that it was used by the circuit court to increase Boothe's sentence or that it was used in any other way to his detriment in the sentencing process. The court merely imposed the very sentence recommended by the jury—a sentence within the statutory range. Admittedly, the sentencing order does contain the short report reflecting the "Jury Sentence" notation; but we are uncertain as to what the notation on the report means. While Boothe contends that the notation means he exercised his right to a jury trial and is being penalized for exercising that right, he has provided no record to support this contention other than the notation. This inexplicable notation could just as easily mean that the sentence imposed was a jury-recommended sentence that was accepted by the court. Thus, Boothe has failed to demonstrate that the circuit court acted improperly.

Finally, Boothe argues that the information contained in the report is prejudicial because it could be used by the Arkansas Parole Board "in making its determination regarding a[n] inmate's release or discretionary transfer." To date, we see nothing in the record indicating that the Arkansas Department of Correction or the Parole Board has taken any action against Boothe on the basis of the information contained in the short

3

report. Thus, the question is not ripe for review. *See Cousins v. State*, 82 Ark. App. 84, at 87 n.2, 112 S.W.3d 373, 375 n.2 (2003) (noting that the issue of whether the filing of new charges would violate double jeopardy, in the absence of any indication in the record that new charges have been or will be filed, was not ripe for review).

Affirmed.

GRUBER, C.J., and HARRISON, J., agree.

*Robinson & Zakrzewski, P.A.*, by: *Luke Zakrzewski*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.