Cite as 2020 Ark. App. 181

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-19-605

| | | |
|---|---|---|
| KRYSTAL V. PEER | | Opinion Delivered: March 18, 2020 |
| | APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-18-61] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE SAM POPE, JUDGE |
| | | AFFIRMED |

## BART F. VIRDEN, Judge

A Drew County jury convicted appellant Krystal Peer of delivery of a controlled substance (less than 200 grams of Xanax), and she was sentenced to nine years' imprisonment. Peer argues that the trial court erred during the penalty phase of her jury trial by admitting evidence of her prior misdemeanor conviction for third-degree battery without conducting an analysis pursuant to Arkansas Rule of Evidence 403. We affirm.[1]

### I. *Standard of Review*

Arkansas Code Annotated section 16-97-101 (Repl. 2016) provides that criminal prosecutions in which a jury sits as the trier of fact are bifurcated into a guilt-innocence

---

[1]Arkansas Supreme Court Rule 4-2(a)(8) provides that an appellant's addendum shall contain true and *legible* copies of the non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Not a single page of appellant's addendum is legible.

phase and a penalty phase. *Helms v. State*, 92 Ark. App. 79, 211 S.W.3d 53 (2005). A trial court's decision to admit evidence in the penalty phase of a trial is reviewed for an abuse of discretion. *Id.* The abuse-of-discretion standard is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Boykins v. State*, 2013 Ark. App. 463. Nor will we reverse absent a showing of prejudice. *Id.* The admissibility of proof in the penalty phase of a jury trial is governed by the Arkansas Rules of Evidence; however, pursuant to Ark. Code Ann. § 16-97-103, certain evidence is admissible at the penalty phase that would not have been admissible at the guilt-innocence phase of the trial. *Helms*, *supra*.

Arkansas Code Annotated section 16-97-103 provides that evidence relevant to sentencing by either the court or a jury may include prior convictions of the defendant—both felony and misdemeanor. Ark. Code Ann. § 16-97-103(2). The jury may be advised as to the nature of the previous convictions, the date and place thereof, the sentence received, and the date of release from confinement or supervision from all prior offenses. *Id.* Relevant evidence under this section may also include evidence of the defendant's character and of aggravating circumstances. Ark. Code Ann. § 16-97-103(5) & (6); *see Helms*, *supra* (holding that, in a residential-burglary and theft case, evidence that Helms was out on bond when he was accused, but not yet convicted, of forgery was admissible in that it provided proof of his character).

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ark. R. Evid. 401. Relevant evidence is generally admissible. Ark. R. Evid. 402. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ark. R. Evid. 403. Evidence offered by the State is often likely to be prejudicial to the accused, but the evidence should not be excluded unless the accused can show that it lacks probative value in view of the risk of unfair prejudice. *Chunestudy v. State*, 2012 Ark. 222, 408 S.W.3d 55.

## II.  *Penalty Phase*

At sentencing, the State sought to introduce three exhibits comprising Peer's prior convictions. Exhibits 5 and 6 referred to felony convictions, while exhibit 4 was a sentencing order on two misdemeanor offenses (third-degree battery and criminal mischief). The following colloquy occurred:

| | |
|---|---|
| [DEFENSE COUNSEL]: | Objection to 5 and 6, Your Honor. No objection to 4. It's a judgment on a misdemeanor.[2] |
| [PROSECUTOR]: | It's still admissible. |
| THE COURT: | The issue is whether it's relevant to a sentencing decision I would assume. And your position is it is because they're both A misdemeanors? |
| [PROSECUTOR]: | Yes, sir, Your Honor. And that they're violent offenses and so—or at least the one battery in the third is—is a violent offense. So the jury can take that into consideration. |

[2]This is an accurate reflection of the record.

|  |  |
|---|---|
|  | It also shows a very lengthy period of criminal activity in which she's been involved in. I think that was her first case. Then she had another drug—drug paraphernalia or drug fraud case where she received probation. If you look at the judgment in State's Exhibit 5, that was subsequently revoked, and she received a five-year sentence. She then got out in 2017, committed a new offense in State's Exhibit 6, for which she received probation that she's currently on probation for right now. |
| THE COURT: | Very well. [Exhibits] 5 and 6 will be admitted without objection. [Exhibit] 4, I find that there is some relevance to the sentencing issue, and it will be admitted over the objection that Mr. Robinson has made.<br><br>Anything else before we—I assume you still want to call sentencing witnesses?<br><br>. . . . |
| [DEFENSE COUNSEL]: | I have an objection to the misdemeanor. He wants it in there because it's about violence. |
| THE COURT: | Right. |
| [DEFENSE COUNSEL]: | There's nothing about violence in this case. There may have been violence in some of her other cases. In fact, there was. |
| THE COURT: | Well, I would agree with you in that regard. But it's still, I think, relevant evidence in a sentencing decision, and that's the reason I'm letting it in. |
| [DEFENSE COUNSEL]: | Very well, Your Honor. |

In his closing argument, the prosecutor told the jury about Peer's 2006 misdemeanor convictions for third-degree battery and criminal mischief and said that she

had received probation for both offenses. He then went on to say that Peer's next offense was a felony committed while she was on probation for the 2006 convictions.

### III. *Discussion*

Peer argues that the trial court expressly premised its ruling on relevance. When she "renewed" her objection, she contrasted the violent nature of third-degree battery with the absence of evidence of violence in her trial for delivery of a controlled substance. She asserts that, instead of undertaking a Rule 403 analysis, the trial court simply repeated its previous ruling on relevance. Peer relies on *Peebles v. State*, 2019 Ark. App. 483, 588 S.W.3d 555, in which this court reversed the appellant's conviction for second-degree sexual assault because the trial court erred in overruling the appellant's objection to evidence without conducting a Rule 403 analysis and finding only that the evidence was relevant.

*Peebles* is distinguishable in that the trial court misapplied the law in commenting from the bench that Rule 403 was inapplicable in the penalty phase. *Peebles* is also distinguishable in that counsel objected, specifically arguing that the probative value of the evidence was outweighed by the prejudice under Rule 403. Here, Peer did not cite Rule 403 and did not request or refer to any balancing analysis. While it is true that objections need not cite specific rules to be sufficient, this court has made clear that a specific objection is necessary in order to preserve an issue for appeal. *Gilliland v. State*, 2010 Ark. 135, 361 S.W.3d 279. To preserve an argument for appeal, there must be an objection to the trial court that is sufficient to apprise it of the particular error alleged, and the appellate

5

court will not address arguments raised for the first time on appeal. *Id*. Peer's argument is not preserved.

We conclude that Peer's objection at the penalty phase was only to the misdemeanor conviction's relevance. To the extent Peer's objection could be construed as one pertaining to Rule 403, it was Peer's burden to obtain a ruling from the trial court on that basis. *Baumann v. State*, 2018 Ark. App. 564, 566 S.W.3d 494; *Dolson v. State*, 2018 Ark. App. 440, 558 S.W.3d 899 (recognizing that Dolson's failure to obtain a ruling rendered his argument not preserved for review).

In any event, Peer cannot—and does not even attempt to—demonstrate prejudice. In general, a defendant who is sentenced within the statutory range, and short of the maximum sentence, cannot establish prejudice from the admission of evidence at the penalty phase. *Shreck v. State*, 2016 Ark. App. 374, 499 S.W.3d 677; *Holley v. State*, 2014 Ark. App. 557, 444 S.W.3d 884. Peer was convicted as a habitual offender of a Class D felony, which is punishable by imprisonment of not more than twelve years. Ark. Code Ann. § 5-4-501(a)(2)(E) (Supp. 2019). Peer received only a nine-year sentence, so she cannot show prejudice from admission of the evidence. Accordingly, we affirm Peer's conviction for delivery of a controlled substance.

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*Robinson & Zakrzewski, P.A.*, by: *Luke Zakrzewski*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.